UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID YANOSIK,

    Plaintiff,

v.                                                  Case No: 2:17-cv-385-FtM-29MRM

AMAZULU TRANSPORT INC. and DALE
SENECAL,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Approval of Settlement (Doc. 11) and Confidential Settlement and Release Agreement (Doc. 11-1) filed on August 30, 2017. Plaintiff David Yanosik requests that the Court approve the Confidential Settlement and Release Agreement of the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. After consideration of Plaintiff's submissions, the Undersigned cannot recommend approval of the proposed Confidential Settlement and Release Agreement as it currently stands.

As a preliminary matter *pro se* Plaintiff filed this action on July 11, 2017. Prior to service on Defendants Amazulu Transport, Inc. and Dale Senecal, Plaintiff filed a Notice/Letter of Settlement and Withdrawal of Complaint (Doc. 9) August 14, 2017. In its August 15, 2017 Order (Doc. 10), the Court explained that when considering a claim brought under the FLSA, the Court must scrutinize the settlement of a claim to determine if it is a "fair and reasonable resolution of a bona fide dispute." (Doc. 10 at 1); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). The Court required Plaintiff to file additional information as to the terms and conditions of the settlement. (Doc. 10 at 2-3). In response to the August 15

Order (Doc. 10), Plaintiff filed the present Motion for Approval of Settlement (Doc. 11) and attached the Confidential Settlement and Release Agreement (Doc. 11-1).

As explained to Plaintiff in the previous August 15 Order, to approve the settlement of the FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc.*, 679 F.2d at 355; 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

Here, the following three (3) provisions of the Confidential Settlement and Release Agreement preclude a finding of fairness and reasonableness: (1) the terms of the waiver of all claims and mutual release; (2) the terms of the non-disparagement clause; and (3) the language concerning confidentiality. (*See* Doc. 11-1 at 2, 3, 4). The Court addresses each of these provisions in turn.

### Waiver and Mutual Release

The Confidential Settlement Statement and Release Agreement contains two (2) sections relating to the waiver of claims and mutual releases for all present and future claims by Plaintiff against Defendants and by Defendants against Plaintiff. The language of these provisions is as follows:

> <u>Waiver of All Claims</u>. In consideration of the promises made in this Agreement, Yanosik hereby for himself, his spouse, if any, children, heirs, executors,

> administrators, successors, and assigns, fully and forever releases, acquits, and covenants not to sue or file any administrative charges against Amazulu, or Amazulu1's past, present, and future parent and subsidiary corporations, divisions, affiliates, partners, joint ventures, stockholders, predecessors, successors, assigns, officers, directors, attorneys, agents, representatives, employees, former employees, and any other person, firm or corporation with whom any of them are now or may hereafter be affiliated, and each of them, from any and all claims, demands, obligations, losses, causes of action, costs, expenses, attorneys' fees, liabilities, and indemnities of any nature whatsoever, including, but not limited to, any arising out of or in any manner relating to Yanosik's employment with Amazulu and/or Yanosik's separation from Amazulu, whether based on contract, tort, or any other legal or equitable theory of recovery whatsoever, including, but not limited to, claims under Civil Rights Act of 1866, 1871, 1964, and 1991 (as amended), the Americans with Disabilities Act (as amended), the Family and Medical Leave Act, the Rehabilitation Act of [1974], the Fair Labor Standards Act, the Employee Retirement Income Security Act, and the Equal Pay Act, and any other federal, state or local law intended to provide for or protect employee rights or benefits, whether known or unknown, mature or to mature [i]n the future which Yanosik had, now has, or claims to have against Amazulu from time immemorial through to the date of this Agreement.
>
> <u>Mutual Release</u>. As a further inducement for the resolution of the disputes and disagreements between the Parties, Amazulu agrees to, on behalf of itself and any successors and assigns, fully and forever release Yanosik from any and all claims, demands, obligations, losses, causes of action, costs, expenses, attorneys' fees, liabilities, and indemnities of any nature whatsoever known or unknown, mature or to mature in the future which Amazulu had, now has, or claims to have against Yanosik from time immemorial through to the date of this Agreement.

(Doc. 11-1 at 2-3).

The *Lynn's Food Store* analysis necessitates a review of the proposed consideration as to each term and condition of the settlement, including foregone or released claims. *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). The valuation of unknown claims is a "fundamental impediment" to a fairness determination. *Id.*; *see also Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010). Moreover, the mutuality of a general release does not resolve the issue because a reciprocal release is "equally as indeterminate as Plaintiff's release." *Shearer*, 2015 WL 2402450, at *4.

In the Motion for Approval of Settlement, Plaintiff states that the amount of $7,500.00 covers unpaid overtime and unpaid minimum wages and the amount of $4,500.00 covers liquidated damages, for a total settlement of $12,000.00. (Doc. 11 at 1; Doc. 11-1 at 1). Thus, from the language of the Motion and Confidential Settlement Agreement, it appears that Plaintiff may receive no additional consideration or payment for releasing Defendants from all present and future claims. Moreover, the reciprocity of the general release is not sufficient consideration under a *Lynn's Food Store* analysis. *Shearer*, 2015 WL 2402450, at *4. Thus, the Court cannot determine if the Confidential Settlement and Release Agreement is a fair and reasonable resolution of the dispute absent additional information as to the consideration for Plaintiff entering into the Waiver of all claims provision of the Agreement.

**Non-Disparagement Clause**

The Confidential Settlement and Release Agreement contains a Mutual Non-Disparagement provision. (Doc. 11-1 at 4). The provision provides as follows:

> <u>Mutual Non-Disparagement</u>. Yanosik agrees not to directly or indirectly engage or encourage any communications, including but not limited to social media, that disparage or are intended to disparage Amazulu, or any of Amazul's operating divisions, subsidiaries and affiliates, predecessors, successors joint venture partners, insurers or any other related entities or companies. Amazulu agrees not to directly or indirectly engage or encourage any communications, including but not limited to social media, that disparage or are intended to disparage Yanosik.

(*Id.*).

A number of jurists in this District have expressed the view that non-cash concessions by an employee affect both the "fairness" and "full compensation" components of a settlement and, thus, requires its own fairness finding. *See Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012), *report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012). For instance, "[c]ourts within this circuit

4

routinely reject . . . non-disparagement clauses contained in FLSA settlement agreements because they thwart Congress's intent to ensure widespread compliance with the FLSA." *Ramnaraine v. Super Transp. of Fla., LLC*, No. 6:15-cv-710-Orl-22GJK, 2016 WL 1376358, at *3 (M.D. Fla. Mar. 28, 2016), *report and recommendation adopted*, No. 6:15-cv-710-ORL-22GJK, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016) (quoting *Pariente v. CLC Resorts & Devs., Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014)). Additionally, this Court has previously noted that "provisions in a FLSA settlement agreement that call for . . . prohibiting disparaging remarks contravene FLSA policy and attempt to limit an individual's rights under the First Amendment." *Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12-CV-461-J-15TEM, 2013 WL 2455958, at *2 (M.D. Fla. June 6, 2013) (citing *Valdez v. T.A.S.O. Props., Inc.*, No. 8:09-cv-2250-T-23TGW, 2010 WL 1730700, at *1 n.1 (M.D. Fla. Apr. 28, 2010), which held that FLSA settlement agreements including non-disparagement provisions "contemplate judicially imposed 'prior restraint[s]' in violation of the First Amendment").[1]

Notwithstanding this line of cases, however, other courts have approved non-cash concessions such as non-disparagement clauses in FLSA settlement agreements where they have been negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties. *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-cv-218-Orl-41TBS,

---

[1] Although the above-cited cases do not specifically discuss "Mutual Non-Disparagement" clauses as contemplating a judicially imposed prior restraint in violation of the First Amendment, the Undersigned finds that the "Mutual Non-Disparagement" provision in this case logically leads to the same conclusion—*i.e.*, that the "Mutual Non-Disparagement" clause limits the parties' rights under the First Amendment.

2016 WL 5146318, at *1 (M.D. Fla. Sept. 21, 2016); *Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014).

Here, Plaintiff's Motion for Approval of Settlement indicates that Plaintiff's consideration of $12,000.00 for signing the Settlement Agreement includes payment for unpaid overtime wages, unpaid minimum wages, and liquidated damages. (Doc. 11 at 1). No mention is made of any additional consideration for entering in the Mutual Non-Disparagement provision. Thus, the Court cannot determine whether any additional consideration or payment was given to Plaintiff to enter into this portion of the Settlement Agreement or if the consideration was that both Plaintiff and Defendants are bound by the terms of the Mutual Non-Disparagement provision. Further, because Plaintiff proceeds *pro se* in this case, the Court has no assurance that Plaintiff understands the value of this concession or its restraint on his rights. Thus, without additional information, the Court is unable to determine if the Confidential Settlement and Release Agreement is a fair and reasonable resolution of the dispute.

**Confidentiality**

The Confidential Settlement and Release Agreement contains a provision that requires Plaintiff to keep the terms of the Agreement confidential. Specifically, the Confidential Settlement and Release Agreement provides:

> Confidentiality of Agreement. Yanosik agrees to keep this Agreement confidential. Therefore, Yanosik agrees as follows: Except as otherwise provided herein, Yanosik his family, agents, servants, representatives, attorneys, successors, and assigns hereby agree, covenant, and warrant that none of them shall directly or indirectly by any means or manner whatsoever disclose, urge, encourage, cooperate in, cause or permit the disclosure to any person or entity, including but not limited to any present, former or future employee of Amazulu, the contents or substance of this Agreement or any consideration given or received hereto; provided, however, that the Parties may make such disclosure to their respective professional representatives (e.g., attorneys, accountants, auditors, tax preparers), all of whom will be informed of and agree to be bound by this confidentiality clause, or other such disclosures required by law.

(Doc. 11-1 at 3).

An employer's insistence upon a confidentiality provision as part of an FLSA settlement contravenes the policies underlying the FLSA. *Gillard v. Fleetmatics USA, LLC*, No. 8:16-CV-81-T-27MAP, 2016 WL 6997167, at *1 (M.D. Fla. Sept. 20, 2016). Further, a confidentiality provision in an FLSA settlement agreement undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010). A district court "should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA." *Id.* at 1243.

In this case, the Confidentiality of Agreement provision precludes Plaintiff from disclosing the terms and conditions of the Confidential Settlement and Release Agreement. (Doc. 11-1 at 3). The Court finds that this provision contravenes the FLSA and the Department of Labor's regulatory efforts. Further, the Court notes that to comply with this Court's August 15, 2017 Order (Doc. 10), Plaintiff filed the Confidential Settlement and Release Agreement in the public record and, thus, appears to have violated the terms of the confidentiality provision of the Agreement. Accordingly, with the inclusion of the Confidentiality of Agreement provision, the Court cannot approve the Agreement as a fair and reasonable resolution of the dispute.

For the foregoing reasons, the Undersigned cannot make the requisite determination under *Lynn's Food Store* as to the fairness and reasonableness of the proposed Confidential Settlement and Release Agreement. Although the other terms of the Confidential Settlement and Release Agreement appear fair and reasonable, the issues associated with (1) the terms of the waiver of all claims and mutual release, (2) the terms of the non-disparagement clause, and (3)

the confidentiality provision preclude approval of the Confidential Settlement and Release Agreement as it is currently proposed.

**IT IS RESPECTFULLY RECOMMENDED:**

1) The Motion for Approval of Settlement (Doc. 11) be **DENIED** without prejudice; and

2) Plaintiff be ordered to elect one of the following options **no later than October 31, 2017**:[2]

   a. File an Amended Motion for Approval of Settlement and an Amended Settlement Agreement that adequately addresses the issues identified herein; or

   b. Serve Defendants with process.

Respectfully recommended in Chambers in Ft. Myers, Florida on October 3, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

---

[2] This proposed deadline takes into account (1) the possibility that a party may file objections to this Report and Recommendation and (2) a reasonable period of time for the presiding District Judge to resolve any objections.

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties