UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID YANOSIK,

      Plaintiff,

v.                               Case No:   2:17-cv-385-FtM-29MRM

AMAZULU TRANSPORT INC. and DALE
SENEKAL,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is the Joint Motion for Approval of the FLSA Settlement (Doc. 39) and the Revised Settlement Agreement (Doc. 39-1), both of which were filed on September 21, 2018.  *Pro se* Plaintiff David Yanosik and Defendants Amazulu Transport, Inc. and Dale Senekal request that the Court approve the parties' settlement and dismiss the action with prejudice.  (Doc. 39 at 12).  After careful review of the parties' submissions and the court file, the Undersigned recommends approval of the proposed settlement with modifications.

### I.      Background

Plaintiff filed this action on July 11, 2017.  Prior to service on Defendants, Plaintiff filed a Notice/Letter of Settlement and Withdrawal of Complaint (Doc. 9) August 14, 2017.  In its August 15, 2017 Order (Doc. 10), the Court explained that when considering a claim brought under the FLSA, the Court must scrutinize the settlement of a claim to determine if it is a "fair and reasonable resolution of a bona fide dispute."  (Doc. 10 at 1); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  The Court required Plaintiff to file additional information as to the terms and conditions of the settlement.  (Doc. 10 at 2-3).  In response to the August 15 Order (Doc. 10), on August 30, 2017, Plaintiff filed a Motion for

Approval of Settlement (Doc. 11) and attached the Confidential Settlement and Release Agreement (Doc. 11-1).  On October 3, 2017, the Undersigned entered a Report and Recommendation (Doc. 12), recommending that Plaintiff's Motion for Approval of Settlement be denied based upon the language in the following three provisions:  (1) the terms of the waiver of all claims and mutual release; (2) the terms of the non-disparagement clause; and (3) the language concerning confidentiality.  (Doc. 12 at 2).  The presiding District Judge adopted the Report and Recommendation and denied Plaintiff's Motion for Approval of Settlement (Doc. 11) without prejudice.  (Doc. 13).  After issues concerning service on Defendants were resolved (*See* Doc. 20; Doc. 29), the parties submitted the instant Joint Motion for Approval of the FLSA Settlement (Doc. 39).

## II.    Legal Standard

To approve the settlement of the FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA").  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id*. at 1352-53.  The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id*. at 1353.  The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.  *Id*.  When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable.  *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages.  *Id.* at 1354.  The Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

In the instant case, Plaintiff David Yanosik is not represented by counsel.  Thus, the Undersigned scrutinizes the Revised Settlement Agreement very closely to determine whether it is a fair and reasonable resolution of this matter.

## III.    Analysis

Plaintiff alleges that he was employed by Defendants from October 13, 2015 to May 26, 2017 as a driver, driving rental cars to auction.  (Doc. 1 at 3).  Plaintiff claims that Defendants failed to pay a minimum wage and failed to pay overtime.  (*Id.* at 4).  Plaintiff sought $7,500.00 in unpaid wages and $7,500.00 in liquidated damages.  (*Id.* at 5).

Defendants contend that Plaintiff was an independent contractor and, therefore, unable to recover in this matter.  (Doc. 39 at 7).  Further, Defendants claim that they acted in good faith in accordance with the Department of Labor's Wage and Hour Opinion Letters and Federal and Florida statutes.  (*Id.* at 8).  In addition, Defendants dispute the number of hours Plaintiff claims to have worked.  (*Id.*).  Thus, even though a *bona fide* dispute exists between the parties and to avoid the risk and expense of continued litigation, the parties decided to settle this matter.  (*Id.* at 4).  Below, the Court highlights certain terms from the Revised Settlement Agreement that:  (1) are problematic and, thus, severed; or (2) resolve an issue that precluded approval of prior Settlement Agreements between the parties.

### A.    Financial Terms of the Settlement

Plaintiff originally requested $7,500.00 in unpaid minimum wages and unpaid overtime wages and $7,500.00 in liquidated damages.  (Doc. 1 at 5).  Pursuant to the terms of a prior Settlement Agreement dated August 10, 2017 (Doc. 11-1), Plaintiff already received $12,000.00 from Defendants for his unpaid minimum wage and overtime claims and for liquidated damages. (Doc. 39-1 at 3 ¶ 3(a)).

Under the Revised Settlement Agreement, Plaintiff will receive an additional $3,000.00 for unpaid minimum and overtime wages, liquidated damages, interest, and a full release of Plaintiff's lawsuit.  (*Id.* at 3 ¶ 3(b)).  Thus, the total amount of $7,500.00 is allocated to Plaintiff for unpaid wages and $7,500.00 is allocated to Plaintiff for liquidated damages.  (*Id.* at 2 ¶¶ 2(a)-2(b)).  This amount equals the amount Plaintiff originally sought.  (Doc. 1 at 5).  Thus, the Court finds that the amount of $15,000.00 is a fair and reasonable settlement of the unpaid minimum wages, unpaid overtime wages, and liquidated damages.

In addition, the parties agree to pay Plaintiff the cost of filing suit of $400.00.  (*Id.* at 3 ¶ 2(c)).  In the instant case, however, Plaintiff sought and was granted leave to proceed *in forma pauperis*.  (Doc. 6).  Thus, Plaintiff did not pay the filing fee.  Accordingly, the Court modifies the Revised Settlement Agreement (Doc. 39-1 at 2 ¶ 2(c)) to require Defendants to pay the $400.00 filing fee directly to the Clerk of Court and file a Notice that these costs were paid.

Further, the parties agree that Defendants shall pay the service fees incurred by the U.S. Marshals Service.  (Doc. 39-1 at 3 ¶ 2(d)).  The U.S. Marshals Service made a number of attempts to serve Defendants in this action that did not result in proper service.  (*See* Doc. 17; Doc. 18; Doc. 23; Doc. 27).  The Court will not require Defendants to reimburse the U.S. Marshals Service for these failed attempts at service.  The most recent Returns of Service

indicate a fee of $73.64 for service on Amazulu Transport, Inc. and a fee of $460.96 for service on Dale Senekal. (Doc. 32 at 1; Doc. 33 at 1). Because Plaintiff proceed *in forma pauperis*, he did not pay the service fees for the U.S. Marshals Service. Accordingly, the Court modifies the Revised Settlement Agreement (Doc. 39-1 at 2 ¶ 2(d)) to require Defendants to pay the sum of $534.60 directly to the U.S. Marshals Service and file a Notice that these fees were paid.

**B.     Serverability of Release by Plaintiff**

The Revised Agreement provides in the Serverability provision:

> If any clause or provision in this Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses that shall remain in full force and effect, with the exception of any clauses and provisions resolving any and all potential wage claims related to Plaintiff's former business relationship with Defendants. The Parties do not intend for the language in this Agreement pertaining to the resolution of the any and all potential wage claims to be able to be severed from this Agreement.

(Doc. 39-1 at 7 ¶ 12). Thus, the parties agreed that if a provision of the Revised Settlement Agreement is unenforceable, it may be severed as long as it does not pertain to the issue of the resolution of any potential wage claims. (*Id.*). Further, this Court has previously approved settlement agreements while striking certain unacceptable or unenforceable provisions of a settlement agreement. *See Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12-cv-461-J-34TEM, 2013 WL 2455958, at *2 (M.D. Fla. June 6, 2013); *Ramnaraine v. Super Transp. of Fla.*, LLC, No. 6:15-cv-710-Orl-22GJK, 2016 WL 1376358, at *4 (M.D. Fla. Mar. 28, 2016), *report and recommendation adopted*, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016).

The parties included a provision entitled "Release by Plaintiff." (*Id.* at 4 ¶ 4). In this provision, "Plaintiff agrees to release the Defendants pursuant to the terms of the release contained in the original Settlement Agreement (Doc. 11-1)." (*Id.*). Although there is no provision in the prior Settlement Agreement entitled "release" as to Plaintiff's claims, there is a

provision entitled, "Waiver of All Claims." (Doc. 11-1 at 2 ¶ 4). The "Waiver of All Claims"

provision provides as follows:

> In consideration of the promises made in this Agreement, Yanosik hereby for himself, his spouse, if any, children, heirs, executors, administrators, successors, and assigns, fully and forever releases, acquits, and covenants not to sue or file any administrative charges against Amazulu, or Amazulu's past, present, and future parent and· subsidiary corporations, divisions, affiliates, partners, joint ventures, stockholders, predecessors, successors, assigns, officers, directors, attorneys, agents, representatives, employees, former employees, and any other person, firm or corporation with whom any of them are now or may hereafter be affiliated, and each of them, from any and all claims, demands, obligations, losses, causes of action, costs, expenses, attorneys' fees, liabilities, and indemnities of any nature whatsoever, including, but not limited to, any arising out of or in any manner relating to Yanosik's employment with Amazulu and/or Yanosik's separation from Amazulu, whether based on contract, tort, or any other legal or equitable theory of recovery whatsoever, including, but not limited to, claims under Civil Rights Act of 1866, 1871, 1964, and 1991 (as amended), the Americans with Disabilities Act (as amended), the Family and Medical Leave Act, the Rehabilitation Act of I 974, the Fair Labor Standards Act, the Employee Retirement Income Security Act, and the Equal Pay Act, and any other federal, state or local law intended to provide for or protect employee rights or benefits, whether known or unknown, mature or to mature [i]n the future which Yanosik had, now has, or claims to have against Amazulu from time immemorial through to the date of this Agreement.

(*Id.*).

As the Undersigned explained in its October 3, 2017 Report and Recommendation, the

*Lynn's Food Stores* analysis also necessitates a review of the proposed consideration as to each

term and condition of the settlement, including foregone or released claims. *Shearer v. Estep*

*Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015).

The valuation of unknown claims is a "fundamental impediment" to a fairness determination.

*Id.*; *see also Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010). The

Court typically "cannot determine, within any reasonable degree of certainty, the expected value

of such claims." *Id.* Thus, the task of determining adequate consideration for forgone claims is

"difficult if not impossible." *Id.* (citation omitted). The instant provision requires Plaintiff to

waive all claims against Defendants. However, the parties have not indicated that Plaintiff received additional consideration for this provision. Thus, the Undersigned finds that including this provision precludes a finding that the Revised Settlement Agreement is a fair and reasonable resolution of the disputes between the parties.

However, in a number of provisions, the Revised Settlement Agreement provides that Plaintiff releases any claim for damages for unpaid wages during his business relationship with Defendants. (Doc. 39-1 at 6 ¶¶ 7-9). For example, in the "Dismissal of Lawsuit" provision:

> Plaintiff further agrees this Agreement is a resolution of any and all potential wage related claims Plaintiff may have related to his former business relationship with Defendants, and Plaintiff agrees that he will not file any lawsuits, administrative charges, or any other claims for unpaid wages related to Plaintiff's former business relationship with Defendants.

(*Id.* at 5 ¶ 7). Thus, if the Court severs the "Release by Plaintiff" provision, other provisions protect the parties against "any and all potential wage claims related to Plaintiff's former business relationship with Defendants." (*Id.* at 7 ¶ 12). Accordingly, the Court recommends that the provision entitled "Release by Plaintiff" (*Id.* at 4 ¶ 4) be severed and stricken from the Revised Settlement Agreement.

## C. Conclusion

The Undersigned finds that the Revised Settlement Agreement (Doc. 39-1) is reasonable on its face with the following modifications: (1) Defendants shall pay the $400.00 filing fee directly to the Clerk of Court for this action and file a Notice that these costs were paid; (2) Defendants shall pay the sum of $534.60 directly to the U.S. Marshals Service and file a Notice that these fees were paid; and (3) the Court severs and strikes the "Release by Plaintiff" (Doc. 39-1 at 4 ¶ 4) provision from the Revised Settlement Agreement. Thus, the Court recommends

that the Joint Motion for Approval of the FLSA Settlement (Doc. 39) be granted and the Revised

Settlement Agreement (Doc. 39-1) be approved as modified.

Accordingly, it is **RESPECTFULLY RECOMMENDED** that:

1)      The Joint Motion for Approval of the FLSA Settlement (Doc. 39) be **GRANTED**.

2)      The Revised Settlement Agreement (Doc. 39-1) be approved with the following

modifications:  (1) within fourteen (14) days, Defendants shall pay the $400.00

filing fee directly to the Clerk of Court for this action and file a Notice that these

costs were paid; (2) within fourteen (14) days, Defendants shall pay the sum of

$534.60 directly to the U.S. Marshals Service and file a Notice that these fees

were paid; and (3) the Court severs and strikes the "Release by Plaintiff" (Doc.

39-1 at 4 ¶ 4) provision.

3)      If the presiding District Judge adopts this Report and Recommendation, then the

Clerk of Court be directed to dismiss this action with prejudice, terminate all

pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on September 26, 2018.



MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE


**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and

Recommendation's factual findings and legal conclusions.  A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir.

R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties